509 P.2d 1058

**Gloria MURPHY (Ruiz), Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Sky Chefs, Incorporated, Respondent Employer,**

**Fidelity & Casualty Company of New York, c/o Underwriters Adjusting Co., Respondent Carrier.**

**No. I CA-IC 761.**

Court of Appeals of Arizona, Division 1, Department A.

May 17, 1973.

Rehearing Denied June 27, 1973.

Review Denied July 17, 1973.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Donald L. Cross, Phoenix, for respondent carrier.

STEVENS, Judge.

The petitioner, who then had an arthritic right hip joint, sustained an industrially related accident on 9 September 1969 when she strained the adductor muscles of her right leg. Her claim was accepted by the carrier. The petitioner had experienced a similar injury in November, 1968 as a result of which she lost little time from work.

The carrier secured a medical consultation, examination, and report. The examination was held on 31 March 1971 and the report was dated 1 April 1971. Robert A. Johnson, M.D., one of the three consultants, later testified in substantiation of the report which concluded as follows:

"COMMENTS AND CONCLUSIONS: The consultants are of the opinion that this patient's present complaints are related to her pre-existing degenerative joint disease (arthritis) of the hip joint on the right, with resultant cystic formation on the right, acetabulum, which activated the alleged industrial injury of 9-9-69. Her present working disability is due to the pre-existing condition in the right hip joint. She is capable of performing light work, within certain limitations. She should avoid standing or walking as much as possible. The limitations are not as a result of the injury. Her condition is stationary, from the industrial injury, but not from the arthritic standpoint. She has no permanent physical impairment related to the injury. Treatment for the right hip should be on a private basis with her attending orthopedic surgeon."

**22**

One of the petitioner's doctors, Ian M. Chesser, M.D., when asked if he agreed with the report, testified:

" * * * I do agree with their diagnosis of degenerative joint disease of the right hip, * * *. And I also concur in the impression that the complaints that the patient demonstrated to me were related to a pre-existing degenerative joint disease, and I felt that the condition for which I treated her was an aggravation of a degenerative joint disease in her right hip. I also concurred in their limitations of her activities, * * *. However, I did not concur with their conclusion that these limitations were not a result of the injury, * * *. * * * I felt that the injury, * * * was entirely capable of producing the right adductor strain for which she was treated from 11/13/68 until the present time, and in itself had no connection with the cystic changes in the hip, but that the pain and disability in the hip was a separate aggravation brought about by the initial injury.

\* \* \* \* \* \*

The injury of 9/9/69 was after she had returned to work?

\* \* \* \* \* \*

It was essentially a repetition."

Another of the petitioner's doctors, Paul H. DeVries, M.D., when asked about the consultation report, testified:

"Q  Have you had an opportunity to review the report of the group consultation convened in Phoenix, Arizona, on March 15 [sic], 1971?

"A  I read their comments and conclusions.

"Q  Do you have any reason to agree or disagree with those comments and conclusions, based on your examinations of Mrs. Ruiz?

"A  I would agree with their comments and conclusions."

The award of The Industrial Commission here in question found an absence of any physical residual impairment causally related to the industrial incident. The medical evidence supports the award and the award is affirmed.

DONOFRIO, P. J., and OGG, J., concur.